TOWNSHIP OF LOWER, A MUNICIPAL CORPORATION OF CAPE MAY COUNTY, NEW JERSEY, PROSECUTOR, v. CITY OF WILDWOOD, A MUNICIPAL CORPORATION OF CAPE MAY COUNTY, NEW JERSEY, COURT OF COMMON PLEAS OF CAPE MAY COUNTY, ET AL., RESPONDENTS.

Argued May 5, 1942—Decided September 11, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Bolte, Miller & Repetto* (*Augustine Repetto*).

For the respondents, *Frank A. Matthews, Jr.,* and *Irving Shenberg.*

BODINE, J. This writ of *certiorari* brings up for review an order made by the Court of Common Pleas of Cape May County dismissing the petition of the Township of Lower for the appointment of commissioners to fix, determine and monument the boundary line between the Township of Lower and the City of Wildwood, and in dismissing the rule to show cause which issued upon the petition. and the restraints therein contained. The petition, it is alleged, was filed pursuant to the provisions of *R. S.* 40:43-67.

The facts are not in dispute. The City of Wildwood was carved by the legislature from the Township of Lower. It consists, by consolidation, of the original City of Wildwood and the Borough of Holly Beach City. The statute providing for the incorporation of Holly Beach City (*Pamph. L.* 1897, *p.* 345, *ch.* 177) fixes the boundary for the fourth course along Post Creek, a tidal stream, and the several courses thereof. It, therefore, appears that one of the boundaries of the City of Wildwood is Post Creek, one of the navigable waters of the state.

Stripped of verbiage, the contention of the prosecutor seems to be that the boundaries of Post Creek should be monumented and the jurisdiction of the City of Wildwood confined to the boundary, as fixed by monuments placed, perhaps as the line was, when the borough of Holly Beach City was incorporated.

Where a title runs to the bank of a navigable and tidal stream, there can be no monumenting in the fixing of a land boundary. In this state, title runs to the high water mark, and the state reserves jurisdiction between high and low water mark, but the jurisdiction of a municipality is extended by the building of wharves, piers and structures permanently filled in with earth and extending in the water. *Ross* v. *Edgewater,* 115 *N. J. L.* 477; *affirmed,* 116 *Id.* 447. *Certiorari* denied, 299 *U. S.* 543.

Municipal police power does not extend beyond the low water mark, and there is no authority lodged in the Board of Commerce and Navigation, vested with the state's right, inconsistent with the existence of this power of the munici-

pality over lands to low water mark where the grant to it has been along such navigable stream. *Ross* v. *Edgewater, supra.*

We can see no purpose in the proceedings initiated, except to interfere with the obvious rights of the City of Wildwood in a matter well within its police power. All other questions raised in the argument of counsel are answered conclusively in the exhaustive opinion in *Ross* v. *Edgewater, supra.*

The writ will be dismissed, with costs.